IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-10003-01-WEB |
| | ) | |
| ROBERT T. LOGSDON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On May 7, 2008, after finding Robert T. Logsdon not guilty of a criminal offense by reason of insanity, and after finding that his release would pose a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect, this court ordered that Mr. Logsdon be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e). Doc. 25. On April 20, 2011, the court ordered Mr. Logsdon's conditional release pursuant to § 4243(f). Doc. 28. On May 17, 2011, following a hearing on a motion by the Government to revoke said release, the court revoked the previous order of conditional release and again remanded Mr. Logsdon to the custody of the Attorney General for treatment pursuant to § 4243(g). *See* Doc. 40. Mr. Logsdon filed a notice of appeal from that order. Doc. 41. The appeal is pending before the Tenth Circuit.

The matter is now before the court on two *pro se* motions filed by Mr. Logsdon – a motion for discharge hearing and a motion to dismiss civil commitment. Docs. 50, 51. The motions were filed on September 26, 2011, and October 11, 2011, respectively. The court concludes these motions are barred by § 4247(h), which deals with discharge from custody. It

provides in part that counsel for the person or his legal guardian may at any time during the person's commitment file a motion for a hearing to determine whether he should be discharged, "but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed." Because the court made such a determination on May 17, 2011, the statute precludes the filing of any motion for discharge prior to November 17, 2011.

Accordingly, defendant's Motion for Discharge Hearing (Doc. 50) and Petition to Dismiss Civil Commitment (Doc. 51) are DENIED without prejudice. IT IS SO ORDERED this ___13th___ Day of October, 2011, at Wichita, Ks.

Wesley E. Brown
U.S. Senior District Judge