IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-10003-MLB |
| | ) | |
| ROBERT T. LOGSDON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on three *pro se* motions filed by defendant Robert Logsdon: Motion for Discharge Hearing (Doc. 54); Motion for Release From Custody (Doc. 55); and Motion for Order to Change Name (Doc. 56). As noted below, the court construes the defendant's motion for a discharge hearing as a request for the appointment of counsel. The court will grant the request to that extent. Otherwise, the motions will be denied.

I. **Background**.

In June of 2007, this court found defendant Robert Logsdon not guilty by reason of insanity on a charge of threatening to assassinate the President of the United States. Doc. 22. In May of 2008, the court found that Mr. Logsdon's release would pose a substantial risk of bodily injury to others, and it committed him to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(e). Doc. 25. In April 2011, the court received a Certificate of Conditional Release from the warden of the institution where defendant was held. The Certificate offered the opinion of a risk assessment panel that the defendant had recovered from his mental disease to such an extent that his release on prescribed conditions of care would no longer create a substantial risk

of bodily injury to another person or serious damage to the property of another. Doc. 27. The court thereafter approved an Order of Conditional Release, but Mr. Logsdon violated his conditions within a few hours of arriving at the facility where he was supposed to reside. Consequently, the court revoked the order of release and again committed him to the custody of the Attorney General. Doc. 40. The latter order was entered on May 19, 2011.

On September 26, 2011, Mr. Logsdon filed a pro se motion for a discharge hearing, citing as authority 18 U.S.C. § 4247(h). That subsection provides in part:

> Regardless of whether the director of the facility in which a person is committed has filed a certificate pursuant to [various sections], counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility, but no such motion may be filed within one hundred and eighty days of a court determination that the person should continue to be committed.

Because Mr. Logsdon's initial motion for a discharge hearing was filed within 180 days of the court's most recent order committing him, the court denied the motion on that basis without addressing whether such a motion could be filed *pro se*. Doc. 52. Mr. Logsdon has now filed another *pro se* motion for a discharge hearing, as well as a motion for release and a motion for an order of name change.

**II. Discussion**.

*Motion for Discharge Hearing*. The language of § 4247(h) provides that "counsel for the person or his legal guardian" may file a motion for a discharge hearing. By its terms, it does not authorize a committed person to file such a motion on his own behalf. The few cases construing this provision have likewise concluded that the statute does not allow the filing of a *pro se* motion. *See United States v. Nakamoto*, 2 F.Supp.2d 1289, 1290 (D. Hawaii 1998) ("an insanity

acquittee may not seek a hearing *pro se* to determine whether he or she should be discharged under 18 U.S.C. § 4247(h)"). *See also United States v. Hunter*, 985 F.2d 1003 (9th Cir.) (same), *vacated as moot*, 1 F.3d 843 (9th Cir. 1993). Accordingly, the court will deny Mr. Logsdon's current request for a discharge hearing, as the statute does not allow the filing of a *pro se* motion. His *pro se* motion to dismiss the civil commitment is likewise denied.

In *United States v. Budell*, 187 F.3d 1137 (9th Cir. 1999), the court found that due process considerations may require that an insanity acquittee be afforded with counsel for the purpose of filing a motion for discharge hearing. Under the circumstances of this case, the court will construe Mr. Logsdon's *pro se* motion as a request for appointment of counsel and will grant it to that extent. Mr. Logsdon has been represented by Asst. Federal Public Defender David Freund in all prior proceedings in this case, and the court will re-appoint him to represent Mr. Logsdon in connection with the initiation of any necessary proceedings in this court to protect Mr. Logsdon's interests.

<u>*Motion for Order of Name Change*</u>. Mr. Logsdon has also filed a motion for an order directing that his name be changed on all records in this case. In support of the request, he has submitted what appears to be a certified order from the District Court of Crawford County, Kansas, granting a request to change his legal name from Robert Thomas Logsdon to Jason Bourne. The court notes that "Jason Bourne" is the name of a fictional character in a series of novels – a character heavily involved in assassinations – which perhaps does not bode well for Mr. Logsdon's contention that he no longer suffers from mental illness. At any rate, the court will deny the request to change previous records in this case. The caption on future filings in the case may reflect the fact that Mr. Logsdon is now also known as ("aka") Jason Bourne.

**III. Conclusion**.

Mr. Logsdon's Motion for Discharge Hearing (Doc. 54) and Motion for Release (Doc. 55) are DENIED without prejudice to reassertion by counsel. The Motion for Discharge Hearing is also construed as a request for appointment of counsel and is GRANTED to that extent. The court re-appoints David Freund, Asst. Fed. Public Defender, to represent Mr. Logsdon in connection with this matter.

Mr. Logsdon's Motion for Order to Change Name (Doc. 56) is DENIED.

IT IS SO ORDERED.

Dated this 2nd Day of February, 2012, at Wichita, Ks.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE